IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY BINKLEY, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 4:20-cv-00804 |
| v. | ) ) |
| | ) (Removed from the Circuit Court of Clay |
| FORD MOTOR COMPANY, | ) County, Missouri; No. 20CY-CV06919) |
| | ) |
| Defendant. | ) |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel of record and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to this Court the state court action originally commenced in the Circuit Court of Clay County, Missouri, styled *Gary Binkley v. Ford Motor Company,* Case No. 20CY-CV06919. Ford removes this case on the grounds of federal diversity jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being served upon all other parties and is attached to the Notice of Removal of Action to Federal Court being filed with the Clerk of the Circuit Court of Clay County, Missouri.

In support of removal, Ford avers as follows:

1. Plaintiff Gary Binkley ("Plaintiff") filed an action styled *Gary Binkley v. Ford Motor Company,* Case No. 20CY-CV06919, in the Circuit Court of Clay County, Missouri, on

August 27, 2020.  As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as Exhibit 1.

2. In Plaintiff's Petition for Damages ("Complaint"), included herewith as Exhibit 1, Plaintiff purports to assert claims of disability discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.*

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

4. The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.  Pursuant to the rules of this Court, Defendant submits herewith a filing fee of $400.00.

## PROCEDURAL STATEMENT

5. Ford was served with Plaintiff's Complaint on September 8, 2020.  Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as Exhibit 1.  Defendant has not yet answered the Complaint.

7. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Missouri, Western Division, is proper because the district and division embrace the Circuit Court of Clay County, Missouri, where this action is currently pending.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Clay County and give written notice of the removal to the Plaintiff.

## DIVERSITY OF PARTIES

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. Plaintiff is a citizen of the State of Missouri. Compl. ¶ 6.

11. Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan, where it is headquartered.

12. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan. Ford is not a citizen of Missouri.

13. Therefore, complete diversity exists between Plaintiff and Ford. 28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

14. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. To satisfy the amount in controversy requirement, the "removing party need not prove that 'the damages *are* greater than the requisite amount,' but that 'the claims … could, this is *might*, legally satisfy the amount in controversy requirement." *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832, 2016 WL 407301, *1 (W.D. Mo. February 2, 2016) (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (second emphasis added).

16. In addition to compensatory damages, punitive damages and attorney fees authorized by a state statute are counted towards the amount in controversy. *Allison v. Sec. Ben.*

3

*Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Jarrett*, 2016 WL 407301 at *1. Attorneys' fees and punitive damages are recoverable under the MHRA. Mo. Rev. Stat. § 213.111.2; *see also Jarrett*, 2016 WL 407301, *2.

17. Plaintiff seeks actual damages, compensatory damages, punitive damages, costs, attorney fees, "an enhancement of attorney fees, all recoverable interest, expert fees, [and] travel expenses . . . ." Compl., "Wherefore" clauses.

18. In cases brought under the MHRA, compensatory damages alone have exceeded $75,000, as have attorney fee awards. *See Jarrett*, 2016 WL 407301, *2 ("Defendants have cited several MHRA cases in which compensatory damages alone exceeded $75,000, and several other MHRA cases where the attorneys' fees award exceeded $75,000."); *Ellison v. O'Reilly Automotive Stores, Inc.*, 463 S.W.3d 426, 441 (Mo. App. 2015) ($200,000 compensatory damages); *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009) ($220,000 attorney fees award). Although now subject to a $500,000 cap for an employer of Ford's size, punitive damages awards for MHRA claims have also exceeded $75,000. *See Ellison*, 463 S.W.3d at 441 ($2,000,000 punitive damages).

19. Here, if Plaintiff is successful, an award of actual damages, compensatory damages, and attorneys' fees could (or "might") easily exceed the $75,000 threshold, not to mention punitive damages. As a result, the amount in controversy certainly exceeds the minimum $75,000 threshold.

## CONCLUSION

20. Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original

jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Clay County, Missouri.

Dated: October 6, 2020

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: /s/ Kathleen M. Nemechek
 Kathleen M. Nemechek, MO Bar # 50139
 Megan D. Costello, MO Bar # 68862
 2600 Grand Boulevard, Suite 1200
 Kansas City, Missouri 64108
 Telephone: (816) 561-7007
 Facsimile: (816) 561-1888
 Email: knemechek@berkowitzoliver.com
  mcostello@berkowitzoliver.com

*Attorneys for Defendant Ford Motor Company*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I hereby certify that I have also mailed by United States Postal Service the foregoing document to the following:

>Greg N. Tourigny
>The Tourigny Law Firm, LLC
>4600 Madison Ave., Suite 810
>Kansas City, Missouri 64112
>Telephone: (816) 945-2861
>greg@tourignylaw.com
>
>Sophie Woodworth
>Holman Schiavone, LLC
>4600 Madison Avenue, Suite 810
>Kansas City, Missouri 64112
>Telephone: (816) 283-8738
>Facsimile: (816) 283-8739
>swoodworth@hslawllc.com
>
>*Attorneys for Plaintiff*

        /s/ Kathleen M. Nemechek
*Attorney for Defendant Ford Motor Company*