# EXHIBIT 1

Electronically Filed - Clay - August 27, 2020 - 12:38 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No: |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| *Serve registered agent* | ) | |
| The Corporation Company | ) | |
| 120 South Central Ave | ) | **JURY TRIAL DEMANDED** |
| Clayton, MO 63105 | ) | |
| *Defendant* | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Gary Binkley through counsel, and pursuant to Rule 53.01, Rule 55, and RSMo. § 213.111, alleging the following in support of his claims for relief:

**INTRODUCTION**

1.     This is an employment discrimination case is filed pursuant to the Missouri Human Rights Act, RSMo. §§ 213.010 – 213.137 ("MHRA").

2.     FORD violated the MHRA by subjecting Plaintiff to disability discrimination.

3.     FORD violated the MHRA by retaliating against Plaintiff for opposing what he reasonably believed in good faith to be disability discrimination.

4.     Plaintiff seeks all relief available under the MHRA, including nominal, actual, and punitive damages, costs, fees, an enhancement of fees, interest, and equitable relief.

5.     RSMo. § 213.111.4(2)(a-d), the MHRA's limitation on "damages for future pecuniary losses emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses and punitive damages," denies Plaintiff "equal rights and opportunity under the law" and thus violates Article I, Section 2 of the

Electronically Filed - Clay - August 27, 2020 - 12:38 PM

Missouri Constitution in that it arbitrarily and capriciously creates different classes of people based on the number of persons employed by their employer; as applied to this case it would mean that Plaintiff's damages for emotional distress, humiliation, frustration, and future economic loss are, as a matter of law, worth less than for a person who works for a larger employer, and there is no rational basis for the legislature to classify employees in such a manner; moreover, Defendant's liability for punitive damages would be decided based on the number of its employees instead of the reprehensibility of its conduct and its financial condition and there is no rational basis for the limitations of such damages based on the number of persons employed by Defendant.

**PARTIES**

6. **Plaintiff Gary Binkley** is an adult male resident and citizen of Missouri.

7. Plaintiff was employed by FORD as a Millwright for the last 30 years.

8. Plaintiff is a "person" as defined by RSMo. § 213.010(15).

9. Based upon information and belief, FORD has its principle place of business in Michigan.

10. **Defendant FORD** (hereinafter "Defendant" of "FORD") is an automobile company that owns and operates a factory in Clay County, Missouri.

11. Throughout Plaintiff's employment with Defendant, Defendant was a Corporation.

12. Defendant was incorporated under the laws of Michigan and is registered and permitted to do business in Missouri.

13. Based upon information and belief, Defendant FORD's principal place of business is located at 1 American Road, Dearborn Michigan, 48126.

14. Throughout Plaintiff's employment with Defendant, Defendant was a "person" as defined by RSMo. § 213.010(15).

15. Throughout Plaintiff's employment with Defendant, Defendant employed six or more persons in Missouri.

16. Throughout Plaintiff's employment with Defendant, Defendant was an "employer" as defined by RSMo. 213.010(8).

17. Defendant conducts ongoing and substantial business in Missouri.

18. Defendant employs Plaintiff to perform job duties in Missouri.

19. Defendant is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

20. This Court has general original jurisdiction over this case pursuant to article V, section 14 of the Missouri Constitution because this is a civil case.

21. Pursuant to RSMo. § 213.111.1, venue is proper in this Court because the unlawful discriminatory acts alleged occurred in Clay County, Missouri.

## FACTUAL ALLEGATIONS

22. Plaintiff has been an employee of Defendant for 30 years.

23. Defendant hired Plaintiff as a Millwright.

24. Specifically, at all relevant times, Plaintiff has been employed as a PM Truck clerk for Defendant for the last six years.

25.     Plaintiff was a PM Truck Clerk at Defendant's Kansas City Assembly Plant.

26.     The Kansas City Assembly Plant is located at 8121 US-69, Claycomo, MO 64119.

27.     Plaintiff was an outstanding worker for Defendant and is one of the most senior and qualified employees for Defendant at the Kansas City Assembly Plant.

28.     Throughout his employment, Plaintiff would regularly work excessive amounts overtime for Defendant.

29.     On May 28, 2018, Plaintiff suffered a stroke.

30.     On or about December 2, 2018, Plaintiff provided FORD with a doctor's note from his personal Physician, which cleared him of all medical restrictions.

31.     On or about December 14, 2018 Plaintiff was cleared by Defendant's Nursing Department to return to work.

32.      After meeting with the Nursing Department, Plaintiff met with the Plant physician in order to return to work.

33.     The Plant Physician denied Plaintiff to return to work, despite Plaintiff having no restrictions from his personal doctor.

34.     In the evaluation, the Plant Physician told Plaintiff that he should retire.

35.     Defendant did not offer any reasonable accommodations to Plaintiff.

36.     Throughout 2019, Plaintiff applied for multiple jobs at Defendant for which he was qualified.

37.     Plaintiff was not contacted or interviewed for any of these positions for which he applied.

4

38.     On or about May 31, 2019, Plaintiff provided two additional letters of full medical clearance to Defendant from his own physicians, permitting him to return to work with no restrictions.

39.     Plaintiff again returned to FORD in order to return to work.

40.     Plaintiff was again cleared by FORD'S nursing department.

41.     Plaintiff was not evaluated or examined by the Plant Physician on that day, yet Plaintiff was still denied the ability to return to work by Defendant.

42.     The Plant Physician then called and berated Plaintiff's personal physicians in order to make them change their letters of clearance.

43.     Once again, Defendant failed to allow Plaintiff to return to work, and failed to provide him with any reasonable accommodations.

44.     As of the date of the filing of this petition, Plaintiff has not been allowed to return to work by Defendant, and Defendant has not provided Plaintiff with any options of reasonable accommodations.

45.     Because of Plaintiff's stroke, Defendant has denied Plaintiff the ability to return to work, and has discriminated against Plaintiff based upon his stroke and his disability/perceived disability.

## **ADMINISTRATIVE PROCEDURES**

46.     On June 4, 2019, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Defendant. The Charge was assigned #E-06119 51082. A copy of the Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

47.     On July 13, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice, allowing his to file a lawsuit regarding the allegations made in Charge #E-06119-51082. A copy of the notice is attached hereto as **Exhibit B** and incorporated herein by reference.

48.     This Petition has been filed within 90 days of July 13, 2020.

**COUNT I**
**Disability Discrimination**
**Pursuant to the MHRA, R.S.Mo. § 213.010, *et seq*.**

49.     Plaintiff incorporates by reference every other paragraph of this Petition as if fully set forth herein.

50.     The conduct and actions of Defendant constitute improper and discriminatory behavior.

51.     Plaintiff's disability was a contributing factor in the discriminatory and harassing conduct he suffered and experienced.

52.     Defendant has failed to reasonably accommodate Plaintiff's disability.

53.     Defendant's discriminatory conduct has included but is not limited to, Defendant's failure to provide reasonable accommodations for Plaintiff's disability and treating Plaintiff less favorably, negatively, cruelly, and with hostility because of his disability.

54.     Plaintiff's terms, conditions, and privileges of employment have been adversely affected.

55.     Defendant's conduct described herein further unnecessarily and unreasonably interfered with Plaintiff's ability to perform his job.

6

56.     Defendants have applied a system wherein different terms, conditions, and privileges of employment are used as a design and intention to discriminate on the basis of disability.

57.     Defendant's conduct has caused Plaintiff degradation, humiliation, anxiety, and emotional distress.

58.     The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

59.     Management-level employees perpetuated the discrimination based on Plaintiff's status as a disabled individual, including refusing to reasonably accommodate Plaintiff's disability and generally treating Plaintiff less favorably because of his disability.

60.     In addition, management-level employees knew or should have known of the discrimination based on Plaintiff's disability but failed to address the problem and further failed to implement effective and appropriate procedures to stop the discrimination and harassment.

61.     The actions and conduct set further herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of his Petition, for a finding that he has been subjected to unlawful discrimination as prohibited by RSMo. § 213.010, *et al.*; for an award of compensatory and punitive damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

**COUNT II**
**Retaliation**
**Missouri Human Rights Act; RSMo. § 213.070(2)**

62.    Plaintiff incorporates by reference every other paragraph of this Petition as if fully set forth herein.

63.    Plaintiff engaged in protected activity by opposing what he reasonably in good faith believed to be discrimination and/or retaliation by:

   a.   Complaining about discrimination based upon disability and perceived disability;

   b.   Filing a Charge of Discrimination with the MCHR;

   c.   Requesting that management take action to return him to work;

   d.   Providing medical releases from his physicians;

64.    Defendant retaliated against Plaintiff by:

   a.   Continuing to deny him the ability to work;

   b.   Calling Plaintiff's treating doctors and convincing them to change their evaluations;

   c.   Denying Plaintiff the ability to return to his position at Defendant;

   d.   Failing to evaluate Plaintiff's ability to work;

   e.   Denying Plaintiff an interview for the jobs he applied for;

   f.    Failing to reach out and respond to plaintiff in regards to the jobs he applied for;

65.    The retaliation was done because of Plaintiff's protected activities.

66.    Plaintiff's protected activities were the motivating factors in the retaliation.

67. The retaliation caused Plaintiff damage, including lost wages, emotional distress, frustration, humiliation, and deprived Plaintiff of his civil rights under Missouri law.

68. Defendant's conduct set forth herein demonstrates a reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Defendant is liable for punitive damages in an amount the jury determines is fair and reasonable in order to punish Defendant and deter Defendant and others from repeating this conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Petition, for a for a Judgment finding Defendant retaliated against Plaintiff in violation of RSMo. § 213.070 and awarding Plaintiff nominal or actual damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court may grant to remedy Defendant's violations of the MHRA.

JURY TRIAL DEMANDED.

**The Tourigny Law Firm, LLC**

*/s/ Greg N. Tourigny*
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com

and

Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>SHANE TERRIL ALEXANDER | **Case Number:  20CY-CV06919** |
| Plaintiff/Petitioner:<br>GARY BINKLEY | Plaintiff's/Petitioner's Attorney/Address<br>GREG NORMAN TOURIGNY<br>4600 MADISON AVENUE<br>SUITE 810 |
| vs. | KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br> FORD MOTOR COMPANY INC | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | LIBERTY, MO  64068 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  FORD MOTOR COMPANY INC**
**Alias:**
**R/A THE CORPORATION COMPANY**
**120 S. CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*



*CIRCUIT COURT OF MISSOURI*

*CLAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/28/2020_____                      _____
Date                                                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____            _____
                                             Date                                       Notary Public

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-1026     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)                                                                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00804-DGK   Document 1-1   Filed 10/06/20   Page 12 of 28

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No: 20CY-CV06919 |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| | ) | |
| *Defendant* | ) | |

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR CHANGE OF JUDGE

NOW ON THIS _____ day of _____, 2020, the Court takes up Plaintiff's Application for Change of Judge, filed August 31, 2020.  The Motion is GRANTED.  This case is hereby transferred to the Presiding Judge for reassignment.

IT IS SO ORDERED.

_____          _____

DATE                                                      Hon. Shane T. Alexander, Circuit Court Judge

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No: 20CY-CV06919 |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| | ) | |
| *Defendant* | ) | |

**APPLICATION FOR CHANGE OF JUDGE**

      COMES NOW, Plaintiff Gary Binkley, by and through his counsel, and pursuant to Rule 51.05 applies for a change of Judge from The Honorable Shane T. Alexander, Division 1 of the Circuit Court of Clay County. This application is made within sixty (60) days of service of process on Defendants and within thirty (30) days from the designation of the trial judge and is therefore timely.

Dated this 31st day of August, 2020.

                      **The Tourigny Law Firm, LLC**

                      /s/ *Greg N. Tourigny*
                      Greg N. Tourigny   MO # 71210
                      4600 Madison Ave. Suite 810.
                      Kansas City MO
                      (816) 945-2861
                      greg@tourignylaw.com

                      and

                      Sophie Woodworth, MO #49383
                      Holman Schiavone, LLC
                      4600 Madison Avenue, Suite 810
                      Kansas City, Missouri 64112
                      Phone: 816.283.8738
                      Fax: 816.283.8739
                      swoodworth@hslawllc.com

                      **ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Clay - August 31, 2020 - 12:29 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06/19-51082 |
| X | EEOC | 28E-2019-01149C |

## Missouri Commission on Human Rights                    EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| **Gary Binkley** | 913 – 961 – 7220 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7149 NE Antioch Rd. | Gladstone, MO. 64119 | 03/04/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| **Ford Motor Corp.** | **500 +** | **816 843-4480** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| **Kansas City Assembly Plant** | **Claycomo, MO 64119** | **Clay** |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

|  | RACE |  | COLOR |  | SEX |  | RELIGION | X | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION |  | NATIONAL ORIGIN | X | DISABILITY |  | Other | | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
**December 1, 2018**     **May 31, 2019**

| X | CONTINUING ACTION |

**PARTICULARS:**

I am a 74 year old male, and I have been an employee at Ford Motor Co. for 34 years as a Millwright. In May of 2018, I suffered a stroke. In September 2018, I was cleared for Duty by my personal physician In November 2018, I was cleared for work with no restrictions from my personal physician. In December 2018, the nursing department at Ford also cleared me to work. However, Ford's Doctor refused to clear me for work, and told me that I should instead retire. Instead of returning to work, I have been forced to go on short-term disability until May 28, 2019. During this time, I applied for a position in which I was well qualified for. I received no consideration or return communication for the position, which was against Ford's polices.

Before my short-term disability ended, I sent a formal letter to my employer stating my intention to return to work, and complaining of discrimination based upon disability / perceived disability and age, for their failure to allow me back to work, and failure to consider me for open positions which I was qualified for

Once my short-term disability ended, I returned to Ford with two letters of full medical clearance. One letter from my neurologist and one letter from the other doctor who is overseeing my physical therapy. However, once again I was not allowed to return to work, because Ford's doctor failed to clear me

I have been discriminated against based upon my age and disability / perceived disability, and I have retaliated against for engaging in protected activity in violation of the Missouri Human Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| *[signature]* Gary Binkley | SIGNATURE OF COMPLAINANT |
| Date 6-4-19   Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)   **FILED** |

FILED

JUN 0 4 2019

MO Commission on Human Rights
Jefferson City Office

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

July 14, 2020

Gary Blakley
7149 NE Antioch Rd.
Gladstone, MO  64119

RE:     Blakley vs. Ford Motor Corp.
        E-6/19-51082     28E-2019-01149

#### NO RIGHT TO SUE on all Age Allegations - BECAUSE OF LACK OF JURISDICTION

The MCHR has determined that it lacks jurisdiction over these allegations because you are 70 or older and therefore outside of the protected age group under the Missouri Human Rights Act.  Therefore, MCHR is administratively closing this case with regard to these allegations as well and terminating all MCHR proceedings relating to these allegations.

#### RIGHT TO SUE – on all other Allegations

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

(continued on next page)

| ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|
| 3315 WEST TRUMAN BLVD., SUITE 212<br>P.O. BOX 1129<br>JEFFERSON CITY, MO  65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102-1047<br>FAX: 816-889-3582 | 106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

RE:   Blakley vs. Ford Motor Corp.
E-6/19-51082    28E-2019-01149

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Ford Motor Corp.
Kansas City Assembly Plant
Claycomo, MO  64119

The Tourigny Law Firm, LLC
Attn: Mr. Greg N. Tourigny
4600 Madison Ave., Suite 810
Kansas City, Mo. 64111

3315 West Truman Blvd., Suite 212
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573-751-3325
Fax: 573-751-2905

111 N. 7th Street, Suite 903
St. Louis, MO 63101-2100
Phone: 314-340-7590
Fax: 314-340-7238

1410 Genessee, Suite 260
Kansas City, MO 64102-1047
Fax: 816-889-3582

106 Arthur Street, Suite D
Sikeston, MO 63801-5454
Fax: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | **Case No: 20CY-CV06919** |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Sophie Woodworth, of HOLMAN SCHIAVONE, LLC, and hereby

enters her appearance on behalf of plaintiff Gary Binkley in the above-captioned matter.

Respectfully submitted,

*/s/ Sophie Woodworth*
Sophie Woodworth, MO #49383
**Holman Schiavone, LLC**
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | **Case No: 20CY-CV06919** |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Sophie Woodworth, of HOLMAN SCHIAVONE, LLC, and hereby

enters her appearance on behalf of plaintiff Gary Binkley in the above-captioned matter.

Respectfully submitted,

*/s/ Sophie Woodworth*
Sophie Woodworth, MO #49383
**Holman Schiavone, LLC**
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| v | ) | Case No  20CY-CV06919 |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| | ) | |
| *Defendant* | ) | |

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR CHANGE OF JUDGE

NOW ON THIS _____ day of _____, 2020, the Court takes up Plaintiff's Application for Change of Judge, filed August 31, 2020  The Motion is GRANTED  This case is hereby transferred to the Presiding Judge for reassignment

IT IS SO ORDERED

_____          _____
DATE                              Hon  Shane T  Alexander, Circuit Court Judge

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
at Liberty

GARY BINKLEY,

                    Plaintiff,

                                        20CY-CV06919

FORD MOTOR COMPANY,

                    Defendants,

## ORDER OF ASSIGNMENT

Now on this _____2nd_____ day of September, 2020, by Order of the
Acting Presiding Judge, and for further proceedings and disposition, said
cause is reassigned to

____Hon  Janet Sutton, Circuit Judge, Division Two,

____Hon  K  Elizabeth Davis, Circuit Judge, Division Three,

__X__Hon  David P  Chamberlain, Circuit Judge, Division Four,

____Hon  Alisha D  O'Hara, Associate Circuit Judge, Division Five,

____Hon  Karen L  Krauser, Associate Circuit Judge, Division Six,

____Hon  Louis Angles, Associate Circuit Judge, Division Seven,

____Hon  Sherrill P  Roberts, Family Court Commissioner, Division Eight,

____Hon  Timothy J  Flook, Associate Circuit Judge, Division Nine

____to be heard on the record and under the practices and procedures regularly
applicable before Circuit Judges, as set forth in Local Rule 6 4 1 of the 7th
Judicial Circuit for the State of Missouri

Clerk to send notice of said order to the attorneys of record

                                  _____

                                  DAVID P. CHAMBERLAIN
                                  Acting Presiding Judge

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| v. | ) | **Case No: 20CY-CV06919** |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| *Serve registered agent* | ) | |
| The Corporation Company | ) | |
| 120 South Central Ave | ) | **JURY TRIAL DEMANDED** |
| Clayton, MO 63105 | ) | |
| *Defendant* | ) | |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff by and through his undersigned counsel hereby moves for the appointment of

Kathleen Langdon to serve Defendant Ford Motor Company. In support of this Motion,

Plaintiff states that Kathleen Langdon has no interest in the above action, and is of legal

age to perform this service.

Respectfully submitted,

**The Tourigny Law Firm, LLC**

/s/ Greg N. Tourigny
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com

and

Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| **v.** | ) | **Case No: 20CY-CV06919** |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| *Serve registered agent* | ) | |
| The Corporation Company | ) | |
| 120 South Central Ave | ) | **JURY TRIAL DEMANDED** |
| Clayton, MO 63105 | ) | |
| *Defendant* | ) | |

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and Kathleen Langdon is hereby appointed to serve Defendant Ford Motor Company in

the above captioned matter.

Respectfully submitted,

**The Tourigny Law Firm, LLC**

/s/ Greg N. Tourigny
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com

and

Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | | |
|---|---|---|
| **GARY BINKLEY** | ) | |
| *Plaintiff* | ) | |
| **v.** | ) | **Case No: 20CY-CV06919** |
| | ) | |
| **FORD MOTOR COMPANY** | ) | |
| *Serve registered agent* | ) | |
| The Corporation Company | ) | |
| 120 South Central Ave | ) | **JURY TRIAL DEMANDED** |
| Clayton, MO 63105 | ) | |
| *Defendant* | ) | |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and Kathleen Langdon is hereby appointed to serve Defendant Ford Motor Company in

the above captioned matter.

_____        _____

DATE                JUDGE OR CLERK OF THE COURT

Respectfully submitted,

**The Tourigny Law Firm, LLC**

/s/ Greg N. Tourigny
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com

and

Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

Electronically Filed - Clay - September 08, 2020 - 11:11 AM

Phone: 816.283.8738
Fax: 816.283.8739
swoodworth@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| **GARY BINKLEY**<br>      *Plaintiff*<br>**v.**<br><br>**FORD MOTOR COMPANY**<br>*Serve registered agent*<br>The Corporation Company<br>120 South Central Ave<br>Clayton, MO 63105<br>      *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No: 20CY-CV06919**

**JURY TRIAL DEMANDED**

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and Kathleen Langdon is hereby appointed to serve Defendant Ford Motor Company in

the above captioned matter

_Sept. 8, 2020_

DATE

_H. Diving_

~~JUDGE OR~~ CLERK OF THE COURT

Respectfully submitted,

**The Tourigny Law Firm, LLC**

/s/ Greg N. Tourigny
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com

and

Sophie Woodworth, MO #49383
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

Phone: 816.283.8738
Fax· 816.283.8739
swoodworth@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

9/8

1240

| | |
|---|---|
| Judge or Division:<br>SHANE TERRIL ALEXANDER | Case Number: 20CY-CV06919 |
| Plaintiff/Petitioner:<br>GARY BINKLEY | Plaintiff's/Petitioner's Attorney/Address<br>GREG NORMAN TOURIGNY<br>4600 MADISON AVENUE<br>SUITE 810 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>FORD MOTOR COMPANY INC | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | LIBERTY, MO 64068 (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: FORD MOTOR COMPANY INC
    Alias:
R/A THE CORPORATION COMPANY
120 S. CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    8/28/2020
      Date                                                Clerk

**CLAY COUNTY**    Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    Bonnie Love (name) Intake Specialist (title).
☐ other

Served at    120 S. Central (address)
in    County of St Louis (County/City of St. Louis), MO, on    9-8-20 (date) at    12:40 pm (time).

CAROLYN DENT
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Notary Public - Notary Seal
State of Missouri    **Must be sworn before a notary public if not served by an authorized officer.**
Commissioned for St. Louis County    Subscribed and sworn to before me on    9/8/20 (date).
My Commission Expires: November 30, 2022
Commission Number: 18097713
          Date
    My commission expires: _____          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.